IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JODY BRASEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-cv-00628-MDH |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Plaintiff's appeal of the Commissioner's denial of her application for disability benefits under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401 *et seq*. Plaintiff has exhausted her administrative remedies and the matter is now ripe for judicial review. The Court reviews the Commissioner's final decision pursuant to 42 U.S.C. §§ 1383(c)(3) and 405(g).

### I. BACKGROUND

The procedural history, facts, and issues of this case are contained in the record and the parties' briefs, so they are not repeated here. The ALJ found Plaintiff suffered from severe impairments of disorder of degenerative disc disease of the lumbar spine, chronic diarrhea, depression, and anxiety. After finding Plaintiff's impairments did not meet or equal a listed impairment, the ALJ determined that Plaintiff retained the following residual functional capacity ("RFC"):

> to perform sedentary work as defined in 20 CFR 404.1567(a) except she should only occasionally stoop, kneel, crouch, crawl, balance, bend, and climb ramps or stairs; she should never climb ladders, ropes, or scaffolds; she should avoid all exposure to excessive vibration, unprotected heights, and hazardous machinery; she should be limited to unskilled work in a low stress job with only occasional decision making required, only occasional changes in the work setting, and only

1

occasional judgments required on the job; she should have only occasional interaction with the public, coworkers, and supervisors; and she should have close access to a restroom.

Plaintiff argues on appeal that the ALJ erred in assessing Plaintiff's RFC, including his interpretation of the medical evidence, the applicable laws and Plaintiff's credibility determination.

## II. STANDARD

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. *See* 42 U.S.C. §§ 405(g), 1383(c)(1)(B)(ii)(3). Substantial evidence is less than a preponderance of the evidence and requires enough evidence to allow a reasonable person to find adequate support for the Commissioner's conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Freeman v. Apfel*, 208 F.3d 687, 690 (8th Cir. 2000). This standard requires a court to consider both the evidence that supports the Commissioner's decision and the evidence that detracts from it. *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008). That the reviewing court would come to a different conclusion is not a sufficient basis for reversal. *Wiese v. Astrue*, 552 F.3d 728, 730 (8th Cir. 2009). Rather, "[i]f, after review, we find it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, we must affirm the denial of benefits." *Id.* (quoting *Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996)). Courts "defer heavily to the findings and conclusions of the Social Security Administration" and will disturb the Commissioner's decision only if it falls outside the "zone of choice." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Casey v. Astrue*, 503 F.3d 687, 691 (8th Cir. 2007). Further, the Court defers to the ALJ's determinations

2

of the credibility of witness testimony, as long as the ALJ's determinations are supported by good reasons and substantial evidence. *Pelkey v. Barnhart,* 433 F.3d 575, 578 (8th Cir. 2006).

### III. DISCUSSION

After full and careful review of the record and briefs, the Court finds the ALJ's findings are supported by substantial evidence in the record as a whole.

First, the Court has thoroughly reviewed the administrative record before the Court, including the medical records, hearing testimony, and the ALJ's opinion. The Court finds that the ALJ's determination is supported by substantial evidence in the record as a whole and was within the available "zone of choice." The ALJ provided a lengthy analysis of the medical opinion evidence and properly addressed Plaintiff's physical and mental limitations, in light of the medical records, work history and hearing testimony. The Court gives great deference to the ALJ's determination as it falls within an acceptable "zone of choice" of the finder of fact. Further, the Court finds the ALJ applied the appropriate legal framework in analyzing the record and evidence before him.

Second, the Court will not disturb the ALJ's credibility determination. In finding Plaintiff's allegations not completely credible, the ALJ considered such things as Plaintiff's reported limitations, the objective medical evidence and medical opinions, Plaintiff's daily activities, and Plaintiff's work history. The Court finds the ALJ recognized the appropriate analytic framework, considered the appropriate factors, and gave good reasons for discrediting the claimant's testimony. See generally *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is not required to discuss each Polaski factor as long as the analytical framework is recognized and considered."). Accordingly, the Court will defer to the ALJ's judgment. See *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) ("Questions of credibility are for the ALJ

3

in the first instance" and "[i]f an ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so, we will normally defer to that judgment.").

## IV.  CONCLUSION

For the reasons set forth herein, the Court finds there is substantial evidence on the record as a whole to support the ALJ's determination.  Accordingly, the Commissioner's decision denying benefits is **AFFIRMED**.


**IT IS SO ORDERED**.

Dated: September 19, 2016            */s/ Douglas Harpool*
                                     **DOUGLAS HARPOOL**
                                     **UNITED STATES DISTRICT JUDGE**